# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ARCH COAL d/b/a COAL-MAC, LLC,**
**Employer Below, Petitioner**

**v.) No. 24-ICA-234**     (JCN: 2021011084, 2022009892)

**TRACEY JUDE,**
**Claimant Below, Respondent**

**and**

**CONDOR HOLDINGS,**
**Employer Below, Respondent**

**FILED**
**January 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Arch Coal d/b/a Coal-Mac, LLC ("Arch") appeals the January 5, 2023, interlocutory order and May 6, 2024, final order of the Workers' Compensation Board of Review ("Board"). Respondent Condor Holdings ("Condor") filed a timely response. Respondent Tracey Jude did not file a response.[1] Arch did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order rejecting the claim and instead held the claim compensable on a nonmedical basis naming Arch as the chargeable employer.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is affirmed in part, and vacated, in part, and this case is remanded for further proceedings consistent with this decision.

Mr. Jude underwent a chest x-ray on October 28, 2020. Kathleen DePonte, M.D., noted that the film was quality 1 with parenchymal abnormalities consistent with occupational pneumoconiosis ("OP"). Mr. Jude submitted a Report of Occupational Pneumoconiosis dated November 11, 2020. Mr. Jude listed his employment as a dozer

---

[1] Arch is represented by T. Jonathan Cook, Esq. Condor is represented by Maureen Kowalski, Esq. Tracey Jude did not appear.

operator with: Little Boyd Coal from 1994 to 1998; Massey from 1994 to 1998; White Flame from 1999 to 2004; and Arch Coal from 2004 to 2019. A Physicians' Report of Occupational Pneumoconiosis dated November 11, 2020, indicated a diagnosis of OP with impairment and that Mr. Jude's capacity for work had been impaired to a moderate degree from the disease.

On March 29, 2021, and June 10, 2021, Mr. Jude was deposed, and he testified that he last worked in December 2019 when he was employed by Condor as a heavy equipment operator and assistant foreman. Further, Mr. Jude explained that he started working for Condor only three days before he was injured and stopped working.[2] Mr. Jude indicated that prior to that, he worked for Arch at the same site as Condor as a heavy equipment operator and assistant foreman. However, Mr. Jude explained that he did not operate a dozer for Condor and that during his three days of work there he drove a pickup truck and supervised staff. According to Mr. Jude, he listed December 17, 2019, as his date of last exposure because it was the last day that he worked. Mr. Jude testified that he had worked at surface mine sites in West Virginia for between twenty-five and twenty-six years and that he was exposed to dust daily at work. Regarding his employment with Arch, Mr. Jude testified that during the last six months of his career there he worked as a foreman rather than as a heavy equipment operator, although he did still operate equipment. According to Mr. Jude, he was exposed to hazardous dust while operating equipment and working as a foreman.

In correspondence dated May 10, 2021, Georgene Robertson, Human Resources Manager for Coal-Mac, LLC, stated that Coal-Mac changed ownership from Arch to Condor Holdings on December 13, 2019. Ms. Roberston indicated that Mr. Jude worked on December 16, 2019, and was injured on December 17, 2019, and never returned to work. In correspondence dated June 23, 2021, Brenda Speer, SPCL for Zurich, Condor's insurer, stated that the Zurich American Insurance policy that insured workers' compensation claims for Condor Holdings, LLC, began on November 12, 2019. In correspondence dated August 4, 2021, Sandy Tingle, Sr. Claim Representative for AIG Claims, Inc., Arch's insurer, advised Mr. Jude that he continued to be exposed to a dust hazard until December 17, 2019, after AIG stopped insuring Coal-Mac, LLC, and, therefore, AIG is not the appropriate carrier responsible for paying benefits. By order dated October 27, 2021, the Office of Judges added Arch Coal as a potential chargeable party to this claim.

On January 5, 2023, the Board issued an interlocutory order finding that: (1) Arch was the chargeable employer; (2) Mr. Jude was exposed to the hazards of OP for a

___

[2] The physical injuries Mr. Jude suffered on December 17, 2019, while employed by Condor were the subject of a separate claim for which he received a PPD award. Mr. Jude's compensable physical injuries and the PPD award he received for those injuries are not at issue in the instant claim.

sufficient time under West Virginia Code § 23-4-1 (2024);[3] and (3) Mr. Jude was entitled to the statutory presumption under West Virginia Code § 23-4-8c(b) (2009).[4] Arch now appeals this order.

Mr. Jude's spirometry report from the Occupational Lung Center dated October 30, 2023, indicated that his FVC was 99% of predicted; his DLCO was 83% of predicted; his DL/VA was 99% of predicted; and his COHb was 1. The report further noted that Mr. Jude had never smoked. The Occupational Pneumoconiosis Board testified at a final hearing on March 6, 2024. John Willis, M.D., the OP Board's radiologist, read the x-ray of April 20, 2023, and testified that it was of good quality and showed no evidence of OP. Dr. Willis further stated that there was minimal scoliosis but no significant pathology which would cause any respiratory compromise.

On May 6, 2024, the Board issued a final order reversing the claim administrator's orders, which granted Mr. Jude a 10% PPD award, and instead granted a 0% PPD award for OP. The Board noted the OP Board's testimony that it had reviewed evidence that Mr. Jude did not have 10% pulmonary function impairment related to OP. The Board found that the OP Board was not clearly wrong in finding that Mr. Jude had 0% impairment related to OP. The Board listed December 12, 2019, as the date of last exposure. Arch now also appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the

---

[3] W. Va. Code § 23-4-1 provides, in relevant part: "compensation is not payable for the disease of occupational pneumoconiosis, or death resulting from the disease, unless the employee has been exposed to the hazards of occupational pneumoconiosis in the State of West Virginia over a continuous period of not less than two years during the 10 years immediately preceding the date of his or her last exposure to such hazards, or for any five of the 15 years immediately preceding the date of his or her last exposure."

[4] W. Va. Code § 23-4-8c(b) provides: "If it can be shown that the claimant or deceased employee has been exposed to the hazard of inhaling minute particles of dust in the course of and resulting from his or her employment for a period of ten years during the fifteen years immediately preceding the date of his or her last exposure to such hazard and that the claimant or deceased employee has sustained a chronic respiratory disability, it shall be presumed that the claimant is suffering or the deceased employee was suffering at the time of his or her death from occupational pneumoconiosis which arose out of and in the course of his or her employment. This presumption is not conclusive."

3

Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Arch argues that it should not be the chargeable employer because Mr. Jude was employed by Condor on his date of last exposure.[5] To the extent that Arch asks this Court to determine that AIG/New Hampshire Insurance Company, as opposed to Zurich, is the responsible insurance carrier to cover this claim, we decline to address this issue as it is not properly before us. This appeal was filed as the result of decisions by the Board and the Office of Judges. The Office of Judges and Board are without jurisdiction to resolve a dispute between two insurance carriers. *See Brickstreet Mutual Insurance Co. v. Zurich American Insurance Co.*, 240 W. Va. 414, 813 S.E.2d 67 (2018). Therefore, such issue is not properly before us. The parties in a disputed workers' compensation claim are the injured worker, the worker's dependents (if applicable), and the employer(s). A determination of the appropriate chargeable employer is within the jurisdiction of the Board (and formerly the Office of Judges), and that issue is properly before us.

The Board's Order dated January 5, 2023, reflects December 12, 2019, as the amended date of last exposure in the claim. In this Order, the Board noted that it established December 12, 2019, as the date of last exposure in a prior Order dated July 19, 2021[6], as the original date of last exposure was listed as October 16, 2020. Upon review, we conclude

---

[5] Arch also argues that the Board erred in granting Mr. Jude an additional 15% PPD award for a total PPD award of 25%, however, in the instant claim the Board awarded Mr. Jude 0% PPD for OP, not 25%. Thus, we will not address Arch's arguments regarding the PPD award.

[6] Although the Order dated July 19, 2021, is not found in the Appendices before this Court, the July 2021 Order (and the fact that it corrected the date of last exposure) is referenced in the Board's Order dated January 5, 2023. Arch has not appealed the July 19, 2021, Order.

that the record is unclear regarding the date of last exposure, as the discussion and the conclusions of law sections of the Board's order referenced both December 17, 2019, and December 12, 2019, as Mr. Jude's date of last exposure. Accordingly, we vacate the Board's January 5, 2023, and May 6, 2024, orders as to the chargeable employer and date of last exposure and remand this claim to the Board for it to accept additional evidence regarding the claimant's date of last exposure and which employer should be charged for this claim.

Affirmed, in part, Vacated, in part, and Remanded.

**ISSUED:** January 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear

Judge S. Ryan White, not participating